UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA CIRCUIT

FILED
DEC 0 1 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JAMES E. JOHNSON
DCDC NO. 119-202
D.C. JAIL
WASHINGTON, D.C. 20003
PLAINTIFF,

COMPLAINT FOR SUIT IN EQUITY
MONETARY DAMAGES SOUGHT $10,000,000.00
JURY DEMAND

CASE NUMBER 1:05CV02315
JUDGE: Reggie B. Walton
DECK TYPE: Pro se General Civil
DATE STAMP: 12/01/2005

JURY ACTION

VS.

ANTHONY WILLIAMS, MAYOR
DISTRICT OF COLUMBIA GOVERMENT
1350 PENNSYLVANIA AVE. N.W.
WASHINGTON, D.C. 20001

PAUL QUANDER, DIRECTOR,
COURT SERVICES SUPERVISION AGENCY
633 INDIANA AVENUE, N.W.
WASHINGTON, D.C. 20001

PAUL BRENNAN, SUPERVISOR
COURT SERVICES SUPERVISION AGENCY
300 INDIANA AVENUE, N.W.
WASHINGTON, D.C. 20001

JOHN TABERSKI, SUPERVISION OFFICER,
COURT SERVICES OFFENDER SUPERVISION AGENCY
300 INDIANA AVENUE, N.W. - D.C. 20001

RECEIVED
NOV 1 6 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANTHONY HINTON, SUPERVISION OFFICER
COURT SERVICES OFFENDER SUPERVISION
AGENCY - 300 INDIANA AVENUE, N.W.
WASHINGTON, D.C. 20001

DEFENDANTS.

PETITION FOR COMPLAINT FOR DEPRIVATION OF RIGHTS

THIS IS A CIVIL ACTION FOR DEPRIVATION OF RIGHTS UNDER COLOR OF LAW, PURSUANT TO 18 USCS 242 "WHOEVER, UNDER COLOR OF ANY LAW, STATUTE, ORDINANCE, REGULATION, OR CUSTOM, WILLFULLY SUBJECTS ANY INHABITANT OF ANY STATE, TERRITORY, OR THE DISTRICT TO THE DEPRIVATION OF ANY RIGHTS, PRIVILEGES, OR IMMUNITIES SECURED OR PROTECTED BY THE CONSTITUTION OR LAWS OF THE UNITED STATES, OR TO DIFFERENT PUNISHMENTS, PAINS, OR PENALTIES, ON ACCOUNT OF HIS COLOR, OR RACE, OR ON ACCOUNT OF SUCH INHABITANT BEING AN ALIEN, THAN ARE PRESCRIBED FOR THE PUNISHMENT OF CITIZENS, SHALL BE FINED NOT MORE THAN $1,000 OR IMPRISONED NOT MORE THAN ONE YEAR, OR BOTH;" (IN PERTINENT PARTS).

JURISDICTIONAL VENUE

THIS HONORABLE COURT HAS JURISDICTIONAL VENUE OVER THIS COMPLAINT AND LIABLE SUIT IN EQUITY, PURSUANT TO 42, USCS, 1983

"EVERY PERSON WHO, UNDER COLOR OF ANY STATUTE, ORDINANCE, REGULATION, CUSTOM, OR USAGE, OF ANY STATE OR TERRITORY OR THE DISTRICT OF COLUMBIA, SUBJECTS, OR CAUSES TO BE SUBJECTED, ANY CITIZEN OF THE UNITED STATES OR OTHER PERSON WITHIN THE JURISDICTION THEREOF TO THE DEPRIVATION OF ANY RIGHTS, PRIVILEGES, OR IMMUNITIES SECURED BY THE CONSTITUTION AND LAWS, SHALL BE LIABLE TO THE PARTY INJURED IN AN "ACTION AT LAW, SUIT IN EQUITY", OR OTHER PROPER PROCEEDING FOR REDRESS. FOR THE PURPOSES OF THIS SECTION, ANY ACT OF CONGRESS APPLICABLE EXCLUSIVELY TO THE DISTRICT OF COLUMBIA SHALL BE CONSIDERED TO BE A STATUTE OF THE DISTRICT OF COLUMBIA."

## UNITED STATES CONSTITUTION

FIRST AMENDMENT: (IN PERTINENT PARTS)

"THE RIGHT OF CITIZEN FREELY TO ADDRESS THE GOVERNMENT TO SEEK REDRESS OF GRIEVENCE"...

# Citations Chiefly Relied Upon

Recent District of Columbia Legislation allowing Civil Suits Against D.C. Police members.

18 USCS 241 Conspiracy Against Rights Of Citizens.
"If two or more persons conspire to Injure, Oppress, Threaten, or Intimidate any Citizen in the free Exercise or Enjoyment of Any Right or Privilege secured to him by the Constitution or laws of the United States, or because of his having so Exercised the same; or if two or more persons go in disguise on the highway, or on the Premises of another, with intent to prevent or hinder his free exercise or enjoyment of Any Right or Privilege so secured — They shall be Fined not more than $10,000 or Imprisoned not more than Ten Years, or Both;" (in pertinent parts).

Civil Rights, Conspiracy to Interfere with [redacted] 42 USCS 1985 (3) (in pertinent parts)
"In (any) case of conspiracy, whereby another is injured in his person or property, or deprived of having and exercising (any) Right or Privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occassioned by such injury or deprivation, against any (one) or (more) of the conspirators."

## U.S. Parole Guidelines

28 C.F.R. 2.

Long vs. Gaines, 173 F.Supp. 2d. 35

# COMPLAINT

1. PETITIONER JAMES F. JOHNSON WAS FIRST INTERVIEWED BY A DR. MICHAEL LAVIN IN MAY, 2003 WHO RECOMMEND FURTHER PSYCHOSEXUAL ASSESSMENT AND CAUTIONED THAT IT MAY BE UNSAFE TO HAVE UNSUPERVISED CONTACT WITH HIS MINOR DAUGHTER UNTIL THE RESULTS OF SUCH TEST.

2. PETITIONER WAS ORDERED BY DEFENDANT TABERSKI TO SUBMIT TO AN PSYCHOSEXUAL TEST, ABOVE PETITIONER'S OBJECTIONS, WHERE THE PERSONS ADMINISTERING THE TEST (A) PLACED AN METAL TYPE ELECTRODE UPON HIS PENIS WITHOUT FIRST STERILIZING THE TOOL; (B) WITHOUT PLACING ANY TYPE OF PROTECTION AGAINST PENIS TO TOOL CONTACT; (C) WITHOUT THEMSELVES PUTTING ON PROTECTIVE GLOVES.

3. WHEN PETITIONER REFUSED TO COMPLY WITH THIS TEST UNTIL CERTAIN BASIC SANITARY PREVENTION METHODS WERE TAKEN, HE WAS THEN THREATENED BY DEFENDANT TABERSKI THAT TABERSKI WOULD HAVE HIM VIOLATED AS A PAROLE VIOLATOR IF HE REFUSED TO COOPERATE.

4. DEFENDANT TABERSKI TOLD THIS PETITIONER THAT EVENTHOUGH HE HAD BEEN RECENTLY CERTIFIED AS AN LICENSED DISTRICT OF COLUMBIA CERTIFIED ADDICTIONS COUNSELOR AND AN CERTIFIED CRIMINAL JUSTICE ACT LICENSED DISTRICT OF COLUMBIA INVESTIGATOR, THAT BECAUSE HE WAS AN "EX-CONVICT, YOU CAN NOT WORK AS A DRUG COUNSELOR BECAUSE YOU WILL BE MAKING MORE MONEY THAN ME AND I AM NOT HAVING THAT!" TABERSKI DID ALLOW PETITIONER TO WORK THE JOB AS AN "HOUSE MONITOR."

5. DEFENDANT TABERSKI WENT TO PETITIONER'S DAUGHTER, WHO WAS (13) THIRTEEN YEARS old IN JANUARY THROUGH FEBRUARY, 2004 AND QUESTIONED HER WITHOUT THE PERMISSION OF HER ONLY LIVING biological PARENT NOR THE presence of AN ATTORNEY.

6. DEFENDANT TABERSKI AND DEFENDANT BRENNAN approached THIS PETITIONER'S (13) THIRTEEN YEAR old DAUGHTER, (INSPITE of MOUNTING school violence AND TEEN AGE RAPES AT AREA schools IN THE 2003-2004 ERA) AND gave her false INFORMATION THAT "YOUR FATHER told US TO TAKE YOUR Cell phone, YOU AlREADY KNOW THAT we ARE Officers from THE COURT!" DEFENDANTS HAD NO AUTHORITY TO TAKE THAT cell phone, NOR TO USE THIS PETITIONER'S NAME.

7. DEFENDANTS TABERSKI AND BRENNAN WROTE THE UNITED STATES PAROLE COMMISSION IN EARLY MARCH, 2004 AND falsley STATED THAT DR. Michael LAVIN of THE AUGUSTUS INSTITUTE, after RECOMMENDING GROUP AND OR INDIVIDUAL TREATS for further psychosexual ASSESSMENTS for AN (1976) Sex charge, REQUESTED THE U.S. PAROLE COMMISSION TO "ISSUE JAMES F. JOHNSON ANOTHER NOTICE of ACTION TO DENY HIM TO HAVE (ANY CONTACT WITH HIS DAUGHTER AND ANY MINOR child because DR. LAVIN SAID HE would be A DANGEROUS RISK TO THEM."

THIS PETITIONER HAD previously been screened by SEVERAL U.S. BUREAU Of PRISONS Psychologist AND D.C. DEPARTMENT of CORRECTIONS Psychologist between THE years of 1976 THRU 2003 AND NOT EVER HAVING such psychosexual ASSESSMENT AS ANY TYPE OR DANGER OR RISK TO MINORS, MOREOVER, THIS

RECEIVED

PETITIONER WAS RELEASED ON D.C. PAROLE ON THIS VERY SAME SEX OFFENSE IN 1981-2 AND WITHOUT HAVING TO REGISTER AS A SEX OFFENDER; AGAIN RELEASED UNDER U.S. PAROLE IN 1989 AND AGAIN ON U.S. PAROLE IN 1996 AND NEVER HAVING THE ASSESSMENTS THAT CAME UNDER the Defendants purview. The U.S. Parole Commission had all of the information these Defendants had and found no need or legal avenue to require it's application to this Petitioner. As a plus in Petitioner's presentation's, Petitioner was later returned to the U.S. Bureau of Prisons in May, 2003 until October, 2003 (After) the assessment by Dr. Lavin, yet while ordering this Petitioner to be re-paroled in October, 2003, the U.S. Parole Commission failed to recognizes, as they did in previous years and atleast two (2) previous U.S. Parole Grants to this Petitioner, Dr. Lavin's assessment or the need to have this Petitioner to register as an Sex Offender or to restrict this Petitioner from supporting his minor daughter born some (20) twenty years (after) the 1976 Sex offense, nor deny him contacts with her.

8. Petitioner accused Taberski of abuse of power and racial prejudice and requested Brennan, his immediate supervisor to give me another supervision officer, only to be told; "I'm in complete agreements with every action taken by Taberski, if you don't like it I can always order you back to jail!" Petitioner had to go through two (2) more supervisors over Paul Brennan, who also is white, to get changed to another supervision officer after showing these obvious abuse of power and possible racial prejudice.

9. Defendant Hinton and Brennan came to this Petitioner's home under guise of searching for "items which to groom minors" as per U.S. Parole Notice of Action from Taberski and Brennan, these searches began around March, 2004 through August, 2005 and never produced (any incriminating evidence) to which they told the U.S. Parole Commission they would find; instead, these Defendants confiscated legal materials with other Civilian names and captions knowingly that 28 CFR U.S. Parole Guidelines "strickly forbade" them to confiscate because they were only authorized to confiscate "items for grooming minors" (or obvious criminal activity items, i.e.; weapons, drugs, etc.) when later instructed by one of the Superior Supervisors above Paul Brennan to return these legal materials as possible "breech of confidentiality" after several complaints from local business owner whose legal documents were unlawfully confiscated, these Defendants refused to return these legal documents and has not returned them as of this filing. This is very evident because "none of those confiscated legal documents still in Defendants' "custody" were never introduced as evidence against him at a recent U.S. Parole Violation Warrant issued August 17, 2005.

10. On September 2, 2005 an U.S. Parole Panel found "No Probable Cause" on three (3) of the four falsley accused charges (see attached Exhibits) and recommended a strongly worded "Re-instate to Supervison and Terminate Revocation Proceedings on the one (1) remainder.

11. Petitioner contends that these actions, in totality "constitutes an unfairly applied abuse of power and authority and could have possible trends of racial prejudice.

This administrative charge of: "Association with Persons with Criminal History" was not corroborated as mandated by 28 CFR U.S. Parole Guidelines at 28 CFR 2.204-07 (see attached exhibit filed as "Petition For Writ Of Mandamus" page 3, that the actual Warrant Request was first signed and initiated by Defendant's Hinton's Supervisor on 6-16-05, while, "supposingly" drafted by Defendant Hinton himself, yet signed by him on "6-22-05," a fact duly noted by the U.S. Parole Examiner's Panel.

12. Petitioner contends that "the continued compelling of him to being subjected to Sex Offender Restrictions" is being duly used as a "Tool of oppression" against him and an unruly abuse of authority, as this is very evident by the Defendants own ascertions on page 10 of the U.S. Parole Warrant Application signed by both Anthony Hinton, and his immediate Supervisor, Paul Brennan, which clearly and emphatically declares that this Petitioner is no longer a threat nor risk to engage in the sexual offender conduct, that he has "successfully passed" all of multiple psychosexual assessment test and applied therapies, "thus continued "treatments" in this regards could only be viewed as "abusive, and arrogance to produce non productive results."

# CERTIFICATE OF SERVICE.

Because the D.C. Jail authorities does not allow xerox copies of more than (3) three pages per inmates, this petitioner do so certify that the Original is sent, postage first prepaid, by U.S. Postage, and duly request appropriate copies stamped and mailed to each of the named Defendants, and the Mayor, as per D.C. Code 12-309, and the Petitioner, , to the

Office of the Chief Clerk
U.S. District Court
333 Constitution Ave, N.W.
Washington, D.C. 20001

on this 14th day of November, 2005. A request for leave to proceed as indigency is attached hereto.

James Johnson
D.C.D.C.# 119202
D.C. Jail
Washington, D.C. 20003

Attachments (1).

RECEIVED
NOV 2 8 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**Motions, Pleadings and Filings**

United States District Court,
District of Columbia.
Virgil **LONG**, et al., Plaintiffs,
v.
Michael J. **GAINES**, et al., Defendants.
**No. 01-0010 (EGS).**

Nov. 21, 2001.

Parolees brought action challenging United States Parole Commission's regulations governing parole revocation procedures. The District Court, Sullivan, J., 167 F.Supp.2d 75, held that the revocation procedures were unconstitutional and withheld the entry of final judgment, pending the submission of a proposed compliance plan by defendants. Defendants submitted a proposed compliance plan and parolees filed objections to the plan. The District Court, Sullivan, J., held that proposed procedures complied with due process.

Ordered accordingly.

West Headnotes

**Constitutional Law** 272.5
92k272.5 Most Cited Cases

**Pardon and Parole** 77.1
284k77.1 Most Cited Cases
Parole revocation procedures, established by Parole Commission in response to finding that existing procedures were unconstitutional, complied with due process, where the plan included provisions requiring a probable cause hearing no later than five days after parolee's arrest, full revocation hearings to occur between 50 and 65 days from arrest, disclosure of all evidence it intended to consider in determining whether a violation occurred, and a final determination and notice of action to be given to the parolee no later than 86 days after arrest. U.S.C.A. Const.Amend. 5.

*35 Laura L. Rose, D.C. Public Defender Service, Washington, DC, Douglas W. Baruch, Steven Clifford Parker, Fried, Frank, Harris, Shriver & Jacobson, Washington, DC, for plaintiffs.

Michael Anthony Humphrey, U.S. Attorney's Office, Washington, DC, for defendants.

**REMEDIAL ORDER AND JUDGMENT**

SULLIVAN, District Judge.

On September 27, 2001, this Court entered a comprehensive Memorandum Opinion and Order setting forth findings of fact and conclusions of law holding that the United States Parole Commission's parole revocation regulations, practices, and procedures violate the requirements of the Due Process Clause of the Fifth Amendment of the United States Constitution as set forth by the Supreme Court in *Morrissey v. Brewer*, 408 U.S. 471, 484-86, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). At that time, the Court withheld the entry of final *36 judgment, pending the submission of a proposed compliance plan by defendants. On October 12, 2001, defendants submitted a proposed plan for complying with the mandates of the Constitution and this Court's Memorandum Opinion and Order. Plaintiffs subsequently filed objections to the plan, and on November 13, 2001, the Court held a hearing relating to the scope of relief to be ordered. In order to fully respond to the issues raised at the November hearing, the parties submitted further briefs and proposed orders.

Upon consideration of the defendants' proposed compliance plan, the plaintiffs' objections thereto, the parties' proposed orders, the arguments of counsel at the November 13, 2001 hearing, and in

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

05 2315
FILED
DEC 0 1 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

light of the Court's September 27, 2001 Opinion and Order, the Court has determined that it is appropriate to grant final judgment and enter a permanent injunction against defendants. Furthermore, the Court will retain jurisdiction over this matter to ensure that defendants comply with the requirements of the Constitution and this Court's Memorandum Opinion and Order.

**The U.S. Parole Commission's Compliance Plan**

On October 12, 2001, defendants submitted an ambitious plan for complying with this Court's Memorandum Opinion and Order and the requirements of the Constitution. The plan sets forth new procedures to ensure that parole revocation proceedings will occur in a timely fashion and will comport with due process of law. Specifically, defendants propose the following:

- Parolees arrested for alleged violations will receive a probable cause hearing no later than five days after the parolee's arrest.
- Full revocation hearings will occur between 50 and 65 days from arrest.
- Prior to the revocation hearing the Commission will disclose to the parolee all the evidence it intends to consider in determining whether a violation occurred and whether to revoke parole.
- A final determination and notice of action will be given to the parolee no later than 86 days after arrest.

The Plan includes other procedural mechanisms designed to protect the rights of parolees. Plaintiffs do not object to these substantive requirements proposed by defendants.

The Court is satisfied that the U.S. Parole Commission's Plan sets forth procedures that comply with due process as explained by *Morrissey v. Brewer*. 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). The Court once again commends defendants for recognizing and accepting that its current procedures violate parolees' constitutional rights, and for submitting a plan that attempts to remedy the substantial problems that the Commission has faced and continues to face.

**Oversight and Compliance**

In light of the Parole Commission's willingness to assist the Court in formulating a proposal to comply with the Court's Memorandum Opinion and Order, the Court is cautiously optimistic that the Parole Commission will soon fully implement its proposed Plan and comply with the requirements of the Constitution. However, the lessons of past attempts at institutional reform weigh heavily against the easy implementation of change at this institution. Furthermore, as plaintiffs correctly point out, the task of remedying the pervasive and long-standing constitutional violations by the Commission detailed in the Court's Memorandum Opinion and Order, will be a challenging one in light of the Commission's current budget and resource constraints.

*37 The Court is confident that the Commission will rise to meet this challenge. However, it is necessary for the Court to retain jurisdiction to monitor the Commission's progress and ensure that the present constitutional defects are remedied. The parties agree that a certain period of continued oversight by the Court is appropriate. The parties disagree, however, as to when that continued jurisdiction should be terminated.

Defendants have suggested that the Court retain jurisdiction to monitor the Commission's compliance for six months from the date of this Order. Plaintiffs, on the other hand, argue that the Court should retain jurisdiction for six months from the time that the Commission demonstrates full compliance with the requirements of the Constitution.

Rather than set a deadline for compliance at this point, the Court will monitor the Commission's progress for at least the next eight months. The Commission shall submit monthly progress reports to the Court and to plaintiff's attorneys. At the end of this eight-month time period, the Court will hear from the parties as to the status of the Commission's compliance with the Plan and this Court's Order.

**Conclusion**

Having previously held that the U.S. Parole Commission's regulations, practices, and procedures

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

with respect to parole revocation violate the Fifth Amendment of the United States Constitution, it is hereby

**ORDERED** that the Clerk of the Court enter **FINAL JUDGMENT** against defendants and in favor of plaintiffs; it is

**FURTHER ORDERED** that defendants are permanently enjoined to implement and comply with the Plan submitted to the Court on October 12, 2001, a copy of which is attached to this Order; it is

**FURTHER ORDERED** that implementation of the Plan shall commence immediately; it is

**FURTHER ORDERED** that defendants shall promulgate amendments to their regulations as necessary to bring those regulations into conformity with the Plan, this Order, the Order of September 27, 2001, and the United States Constitution, no later than 60 days from the date of this Order; it is

**FURTHER ORDERED** that defendants shall serve on the Court and on plaintiffs' counsel any proposed amendments to the Commission's regulations; it is

**FURTHER ORDERED** that plaintiffs shall have two weeks following the Commissions' proposal of any amended regulations to file with the Court any objections based on lack of compliance with this Court's Order of September 27, 2001 or with the Commission's proposed compliance Plan; it is

**FURTHER ORDERED** that defendants shall submit monthly reports commencing 30 days after the entry of this Order detailing the Commission's implementation of the Plan and compliance, or lack thereof, with the Plan's deadlines for probable cause determinations, revocation hearings, and the issuance of final notices of action; it is

**FURTHER ORDERED** that a hearing on compliance will be held on **Friday, July 19, 2002** at **10:00 a.m.** in **Courtroom One**; it is

**FURTHER ORDERED** that defendants shall file with the Court an overall compliance status report and argument for continuation or termination of oversight no later than **Monday, May 20, 2002.** Plaintiffs shall file a response by later than **Friday, June 21, 2002.** Defendants shall file a reply by no later than **Friday, July *38** 5, 2002. These deadlines shall not be extended; it is

**FURTHER ORDERED** that the parties may apply to the Court, via motion properly served on all parties, for additional hearings regarding the adequacy of the monthly reports to the Court or the sufficiency of the regulations and practices promulgated by the Commission to implement this Order; it is

**FURTHER ORDERED** that the Court shall retain jurisdiction to enforce the terms of this injunction until further order of the Court.

**IT IS SO ORDERED.**

173 F.Supp.2d 35

**Motions, Pleadings and Filings (Back to top)**

- 1:01CV00010 (Docket)
  (Jan. 03, 2001)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETITION FOR WRIT OF MANDAMUS

JAMES F. JOHNSON
DCDC 119-202
DC Jail 1901 D St. SE
Washington , DC 20003

PETITIONER,

Vs.

C.A. 01-0010 (EGS)
C.A. No. 167 F.Supp.2d 75
SULLIVAN , J.
In Re; Long vs. Gaines
173 F.Supp.2d 35

Dennis Harrison , Warden
DC Jail 1901 D St. SE
Washington, DC 20003

Chairperson
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase , Maryland 20815

DEFENDANTS.

JURISDICTION

This Honorable Court has jurisdiction over the subject matter pursuant 28 USC 1361 28 USC 2254 , 28 USC 2251 and 173 F. Supp.2d 35.

PLAINTIFF;

James F. Johnson is the Plaintiff in the instant action. Johnson is an arrested US Parole Violator being housed in and at the DC Jail per an Warrant issued and effectuated on August 17, 2005 by the US Marshal Service.

The US Parole Violator's Warrant charged this Petitioner with four(4) Administrative US Parole violations of US Parole Guidelines. There were no new criminal charges Against this Petitioner lodged in this warrant.

COMPLAINT

Petitioner appeared for his initial Probable Cause Parole Hearing on Friday September 26, 2005 after being held in custody since August 17,2005. He was then presented before Examiner Donna A. McLean for four administrative violations of uncorroborated statements made by two Supervision Parole Officers.

Petitioner was then found , after careful considerations of each charged offense, no probable cause on three of the four charges and recommended reinstatement to parole Supervision and termination of revocation proceedings.

On September 7, 2005 Petitioner received a Final Notice of Action from the US Parole Commission, reading; Deny Release, Hold for Local Final Revocation Hearing.

CAUSE OF ACTION

This complaint follows as a direct result of these proceedings and the gist of '173 F.Supp. 2d 35 and this Court's Holding.

Petitioner has not been afforded a Final Revocation Hearing since his initial parole arrest On August 17, 2005 and as of this November 7, 2005, the filing entry date of this motion, No date for such an revocation is scheduled nor has this Petitioner been notified of such.

Petitioner contend that he is entitled to the redress I seek pursuant to 28 USC 1361 and the holdings by this honorable court in re 173 F.Supp. 2d 35.

Petitioner contend that the Defendants are in violations of it's own agency guidelines With respects to the Five (5) Day Probable Cause Hearing delay.

Petitioner contend that the Defendants are in violations of it's own agency guidelines Where they failed to schedule and or present him for his Final Revocation Hearing and Proceedings within 50 to 65 days as promised in the mentioned Court's Order and Plan.

Petitioner has not been given any reason nor excuses for any of the delays.

Petitioner contend that he was recommended for reinstatement by the US Parole Examiner for the ONE charge of " Association with Person with Criminal History." Yet no corroboration that the Supervision Officer had previously Warn this Petitioner of the criminal history of the Associate In Question as is Mandated within the US Parole Guidelines at 28 CFR 2.204-07

" *Unless it is clear that the Releasee knows that an Associate has a Felony criminal record* ( e.g.; that they knew one another while in prison together) a warrant or summons charging a violation of this condition should not be issued, unless the Releasee has first been given a warning by his supervision officer THAT THE ASSOCIATE IN QUESTION HAS A CRIMINAL RECORD and further association would be a violation of the release conditions."

There were no evidence presented to corroborate this violation and obviously, the Examiner found none, thereby recommended reinstatement.

PETITIONER APPEALS TO THIS COURT FOR REVIEW OF EXAMINER McCLEAN'S FINDINGS OF PROBABLE CAUSE BECAUSE OF THE PLAIN LANGUAGE of THE U.S. PAROLE GUIDELINES CITED ABOVE AT 28 CFR 2.204-07 NOTING THAT SINCE ABSOLUTELY NO EVIDENCE WAS SUBMITTED TO SUPPORT THE FINDING AND BECAUSE THE U.S. PAROLE COMMISSION AND THE CSOSA SUPERVISION OFFICERS HAD ABSOLUTE ACCESS TO ALL PRISON RECORDS TO VERIFY A PREVIOUS WARNING AGAINST AN IDENTIFIED "ASSOCIATE IN QUESTION", ID AT 28 CFR 2.204-07 (b). PETITIONER WAS PREJUDICED BY THIS FINDING.

PETITIONER CONTENDS THAT THE DEFENDANTS VIOLATED HIS RIGHTS AS PER 28 CFR 2.101, "PROBABLE CAUSE HEARING AND DETERMINATION". 101(a) READS IN PERTINENT PARTS "... IF THE EXAMINER FINDS PROBABLE CAUSE, THE EXAMINER (SHALL) SCHEDULE A FINAL REVOCATION HEARING TO BE HELD WITHIN SIXTY-FIVE DAYS OF SUCH PAROLEE'S ARREST."

THIS PETITIONER WAS ENTITLED TO THIS RIGHT EVEN THOUGH THE EXAMINER DID RECOMMEND REINSTATEMENT TO PAROLE SUPERVISION, THE STATUTORY LANGUAGE MANDATES "SHALL SCHEDULE A FINAL REVOCATION HEARING TO BE HELD WITHIN SIXTY-FIVE DAYS" AND AFTER THE PROBABLE CAUSE FINDING IT WAS AN ERROR NOT TO SCHEDULE SUCH A HEARING BECAUSE THE "RECOMMENDATION" COULD HAVE BEEN OVER RULED, WHICH IT OBVIOUSLY WAS, THUS DEPRIVING THIS PETITIONER AMPLE TIME TO PREPARE HIS WITNESS TO BE PRESENT FOR THE FINAL PROBABLE CAUSE HEARING. THIS PROBABLE CAUSE HEARING WAS CONDUCTED ON SEPTEMBER 2, 2005, TEN (10) DAYS (AFTER) THE RETAKING OF THIS PETITIONER IN CUSTODY OF THE PAROLEE VIOLATOR'S WARRANT. PAROLEE WAS PREJUDICED BY THIS ACTION.

THIS Probable Cause Hearing, CONDUCTED TEN DAYS After this Parolee's ARREST WITHIN ITSELF IS A FUNDAMENTAL Violation of 28 CFR 2.101(a) WHICH explicitly MANDATES such AN Probable Cause Hearing TO BE CONDUCTED "WITHIN FIVE (5) DAYS OF THE Parolee's ARREST. SEE: DEFENDANT'S PROMISED plan AT 173 F. Supp. 2d 35 AND THE ATTACHED EXHIBITS WITH THE (1) ARREST WARRANT Effectuated By the U.S. Marshal Service AND (2) The Probable Cause Hearing DATE. THERE WAS NO EXCUSES given FOR THIS DElay violation AND PETITIONER WAS prejudiced BY THIS ACTION.

PETITIONER CONTEND THAT THESE DEFENDANTS FURTHER VIOLATED HIS rights AT 28 CFR 2.102 2(f) Place OF REVOCATION HEARING. "A local REVOCATION HEARING (SHALL) BE Held NOT LATER THAN Sixty-five DAYS (65) FROM THE RETAKING OF THE PAROLEE ON THE PAROLE VIOLATION WARRANT."

SEE ALSO: 28 CFR 2.49-01 (c) "AFTER IT HAS BEEN DETERMINED THAT A Local REVOCATION HEARING IS TO BE CONDUCTED, THE ALLEGED VIOLATOR AND HIS ATTORNEY, IF THERE IS ONE, WILL BE NOTIFIED BY THE COMMISSION OF THE (TIME) AND (PLACE) OF THE hearing."

HERE PETITIONER CONTENDS THAT THE DEFENDANTS VOIDED TWO OCCASSIONS TO properly PROVIDE HIS local REVOCATION HEARING - (1) The EXAMINER FAILED TO schedule such FOLLOWING THE Probable Cause Findings, AND (2) ON September 7, 2005 the COMMISSION SENT this Parolee A Final Notice of Action (SEE ATTACHED EXHIBIT)

BUT THE COMMISSION TOO, FAILED TO PROVIDE THE TIME/DATE AND PLACE OF THE FINAL LOCAL REVOCATION HEARING. IT IS NOW NOVEMBER 7, 2005 SOME EIGHTY-PLUS DAYS FROM THE ACTUAL AUGUST 17, 2005 DATE OF THIS PAROLEE'S ARREST. THIS TOO, WOULD VIOLATE PAROLEE'S FUNDAMENTAL PROTECTIONS UNDER BRADY VS. MARYLAND IF THE DEFENDANTS KNEW OR HAD SCHEDULED SUCH A LOCAL FINAL REVOCATION HEARING WITH PLANS TO "SUDDENLY" ORDER THE APPEARENCE OF THIS PAROLEE FOR INSTANCE ON NOVEMBER 9, 2005 OR NOVEMBER 10, 2005 WITHOUT ALLOWING FOR THIS PAROLEE TO EFFECTIVELY PREPARE FOR HIS DEFENSE AND TO CONTACT HIS WITNESSES TO HAVE THEM MAKE APPROPRIATE SCHEDULING WITH THIER FAMILIES AND OR EMPLOYEES TO BECOME AVAILABLE AND OR TO MEET WITH PAROLEE'S REPRESENTATIVE OR ATTORNEY OF RECORD. THIS ACTION GREATLY PREJUDICE THIS PAROLEE RIGHTS AND VIOLATES THE CONDITIONS AT 173 F.SUPP. 2D 35.

PETITIONER CONTEND THAT THIS NOTICE OF ACTION, DATED SEPTEMBER 7, 2005, STATES: "DENY RELEASE AND HOLD IN CUSTODY FOR A LOCAL REVOCATION HEARING."

"THE ABOVE DECISION IS NOT APPEALABLE."

PETITIONER CONTEND THAT THIS ORDER DENIES HIM OF AN FUNDAMENTAL FAIRNESS RIGHT BECAUSE THE U.S. PAROLE COMMISSION IS NOT A LEGISLATIVE BODY AND IT'S FINAL ORDERS ARE SUBJECT TO REVIEW BECAUSE IT'S DECISIONS IF DISAGREED UPON, IS FINAL ONLY AFTER IT HAS BEEN "ADJUDICATED BY A COURT COGNIZANT OF THE FEDERAL CONSTITUTION AND DUTY BOUND TO APPLY IT." SEE: WILLIAMS VS. UNITED STATES, 401 U.S. 667, 91 S.CT. 1171, 28 L.ED.2D 404 (1971).

# CLOSING STATEMENT

PETITIONER FEELS THAT HE HAS PRESENTED MORE THAN A PRIMA FACIE SHOWING OF EXTREME AND BLATANT PREJUDICE BY AND FROM THESE DEFENDANTS AND HOW THEY CONTINUES TO VIOLATE IT'S PROMISED PLAN TO THIS HONORABLE COURT, THE ATTACHED EXHIBITS ARE "INDESPUTABLE" AND THE CONTENTS OUTLINED AS THE PROMISED PLAN AT 173 F. Supp. 2d 35 IS EMPHATICALLY CLEAR IN IT'S PRESENTATIONS OF THE U.S. PAROLE COMMISSION'S "OWN AGENCY GUIDELINES" AND ARE AN "DUTY OWED TO THIS PAROLEE" AND THIS PETITIONER CAN DEMAND IT'S COMPLIANCE THROUGH 28 USC 1361 AND THE RULING AUTHORITY OF THIS HONORABLE COURT AT 173 F. Supp. 2d 35, IT IS SO MOVED.

# REMEDIES SOUGHT IN THIS ACTION.

PETITIONER DULY BELIEVES THAT HE IS ENTITLED TO RELIEF SOUGHT IN THIS ACTION. THE EXAMINER DID RECOMMEND REINSTATEMENT. THE CSOSA SUPERVISOR WROTE THAT THIS PAROLEE NEVER MISSED AN APPOINTMENT SINCE OCTOBER, 2003, NOR TESTED POSITIVE FOR DIRTY URINES, AND MAINTAINED STEADY GAINFUL EMPLOYMENTS, AND NO NEW CRIMINAL CONDUCT.

PETITIONER SEEKS AN IMMEDIATE HEARING IN THIS COURT WITHIN FIVE (5) DAYS; OR RELEASED UNTO SUPERVISION UNTIL SUCH AN COURT HEARING CAN BE SCHEDULED; BECAUSE IT IS MORE LIKELY AS NOT THAT THIS PETITIONER SHALL PREVAIL IN THIS PETITION; HE SEEKS IMMEDIATE DISMISSAL OF THE WARRANT AND RELEASE FROM CUSTODY, IT IS SO MOVED!

In conclusions, Petitioner James F. Johnson has suffered irrepairable harm by these Defendants; He has lost his job, both as a Licensed D.C. Certified Addictions Counselor and Licensed D.C. Criminal Justice Act Investigator ~~and about to have his home,~~ as he is purchasing a Condominium at the Wade Road Condominiums, placed in the Foreclosure List for lack of payments, and is entitled to immediate release through this Court and the Motion herein submitted.

In God We Trust

James F Johnson

/S/ James F. Johnson

Attachments:

1. Copy of Warrant application No.# 118569 (2 pages)
2. Copy of U.S. Marshal's certified custody to D.C. Jail
3. Copy of Probable Cause findings by U.S. Parole Examiner Donna A. McLean (6 pages)
4. Copy of U.S. Parole Notice of Action ordering Local Revocation Hearing (1 page)
5. Copy of D.C. License (1 page)
6. ~~Copy of 173 F.Supp.2d 35 (1 page) face only)~~

# CERTIFICATE OF SERVICE

I, JAMES F. JOHNSON DO SO CERTIFY, UNDER PENALTY of perjury, that I have AUTHORIZED THE HAND DELIVERLY OF THE ORIGINAL AND ONE COPY of THE INSTANT MANDAMUS, TO: Chief Clerk's Office
U.S. District Court
333 Constitution Avenue, N.W.
Washington, D.C. 20001
for Judge Sullivan, AND further, that I have mailed, postage first prepaid via ~~certified~~ postage mail
TO: Chairperson
U.S. Parole Commission
% U.S. Justice Department
5550 Friendship Boulevard
Chevy Chase, Maryland 20815
ON THIS 7TH day of November, 2005.

/s/ James F. Johnson
James F. Johnson

10 ATTACHMENTS (EXHIBITS)

OK [X] **Probable Cause Found.** After considering the violation report dated 6/16/2005, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 4. Additional reasons for probable cause finding:

[X] **No Probable Cause Found** (Both Charges A/B) - Charge Dismissed - Valid Drivers License Verified.

## IV. Additional Charges:

## V. Outcome of Probable Cause Hearing:

[ ] **Probable Cause Found** on one or more charges, **Hold in Custody** pending revocation hearing.

[ ] **No Probable Cause Found** for any charge. **Discharge from Custody** immediately and

[ ] **Reinstate** to Supervision or [ ] **Close Case** *(If expiration date has passed)*

[X] **Probable Cause Found** on one or more charges. Recommend **Reinstate to Supervision** and

[ ] **Summon** to revocation hearing or [X] **Terminate** revocation proceedings

Reason for Release/Summons:

## III. Review of Charges:

**Charge No. 1 - Association with Person Having Criminal Record.**

[ ] **ADMITS** [X] **DENIES**

The Subject's Response:

Per Atty - the Subj has a Valid Investigator License he was working on behalf of an Atty + Judges Order to complete the assignments he was involved. He was not interacting w/Individuals for the purpose of Continuing Criminal Activity.

[X] **Probable Cause Found.** After considering the violation report dated 6/16/2005, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 1. Additional reasons for probable cause finding:

[ ] **No Probable Cause Found**

**Charge No. 2 - Violation of Special Condition (Prohibited Contact with Minors)**

[ ] **ADMITS** [X] **DENIES**

The Subject's Response:

[ ] **Probable Cause Found.** After considering the violation report dated 6/16/2005, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 2. Additional reasons for probable cause finding:

[ X ] No Probable Cause Found Issue Addressed w/ Sanction of GPS Monitoring - No add'l contact noted w/ child.

**Charge No. 3 - Failure to Cooperate Fully with those Responsible for Supervision**

[ ] **ADMITS** [ X ] **DENIES**

The Subject's Response:

- Incident referenced In Viol. Charge - Subj. states he was not sure how to answer CSO or SCSO question - so he stayed silent on the Issue - Atty - refer pg 10 of RAN - Subj. Report Regularly; No Dirty Urines; No evidence of new Criminal Activity . . .

[ ] **Probable Cause Found.** After considering the violation report dated 6/16/2005, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 3. Additional reasons for probable cause finding:

[ X ] **No Probable Cause Found**

**Charge No. 4 - Law Violation – a) Operating After Suspension; b) Failure to Report Arrest/Contact with Law Enforcement.**

(A) [ ] ADMITS [ X ] Denies

(B) [ X ] **ADMITS** [ ] **DENIES**

The Subject's Response:

However, did report - CSO unavailable when reported 5/18 & 5/24/05 - advised CSO as early as he could report the Incident. - Furthermore, felt arrest was not a Violation as dismissed because he had a Valid Driver's License

## IX. Revocation Hearing:

[ ] Local Revocation **or** [ ] Combined Probable Cause/Local Revocation on:

**Location:** [ ] CTF [ ] DC Jail **Date:**______________ **Time:** [ ] am [ ] pm

[ ] Other at ________________________________________

[ ] Recommend institutional revocation hearing upon transfer to a federal institution.

**Note:** ***A continuance must be requested in writing. You may submit your requests via e-mail. E-Mail Address: continue.hearing@usdoj.gov***

**May Qualify for an Expedited Offer:** [ ] No [X] Yes (If yes, please have releasee sign below)

If the Commission approves a proposal of expedited revocation, I waive the 20-day waiting period for the submission of comments. [ ] No [X] Yes (If not Release)

[signature] 9/2/05

*Attorney/Prisoner* *Date*

*Additional Text:*

Donna A. McLean 9/2/05

*Examiner* *Date*

**Disclosure Documents:** Warrant dated 8/3/05, Warrant Application dated 8/3/05, Supplemental Warrant Application dated n/a (only if applicable), Violation Report dated 6/16/05 with attachments, Parole Certificate dated 10/10/03, Pre-Sentence Report; 8/22/05 memo

**I acknowledge having received the above disclosure documents and a copy of this document.**

[signature] 9/2/05

*Attorney/Prisoner* *Date*

**Johnson, James**
**Reg. No. 07561-016 DCDC No. 119-202**

## VI. Principal Adverse Witnesses Identified by the Commission:

Note to Subject: This is the time to request the attendance of an adverse witness (including an adverse witness identified by the Commission or an examiner on this form). Your failure to make a request for the attendance of any adverse witness is a waiver of your opportunity to confront and cross-examine that witness at a revocation hearing.

Supervision Officer
Name: *Anthony Hinton*
Status: __X__ Approved ______ Not Approved ______ Pending Further Review

## VII. Adverse Witnesses Requested by Subject:

Name: ____________________
Address: ____________________
Phone No. ____________________
Status: [ ] Denied at PC Hearing [ ] Approved at PC Hearing [ ] Pending Further Review
Reason for Denial: ____________________

Name: ____________________
Address: ____________________
Phone No. ____________________
Status: [ ] Denied at PC Hearing [ ] Approved at PC Hearing [ ] Pending Further Review
Reason for Denial: ____________________

Name: ____________________
Address: ____________________
Phone No. ____________________
Status: [ ] Denied at PC Hearing [ ] Approved at PC Hearing [ ] Pending Further Review
Reason for Denial: ____________________

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

Special Litigation Division
SEP 0 8 2005
RECEIVED

**Notice of Action**

Name: JOHNSON, James
Institution: D.C.-Central Detention Facility
Register Number: 07561-016
DCDC No: 119-202
Date: September 7, 2005

In the case of the above-named, the following action was ordered:

Deny release and hold in custody for a Local Revocation Hearing.

previously sanctioned by CSOSA J. Tabeeski 4-15-05 for this conduct resubmitted by CSOSA A. Hinton see page 3 par 4 para 2+5 same

P 9-5 known investigator

P 3 from Tabeeski does not comport with warden's letter 2/5/04

**THE ABOVE DECISION IS NOT APPEALABLE.**

cc: Public Defender Service
District of Columbia
Special Proceedings Division
633 Indiana Avenue, N.W.
Washington, D.C. 20004

U.S. PAROLE COMMISSION • DEPARTMENT OF JUSTICE • QUI PRO DOMINA JUSTITIA SEQUITUR

U.S. DEPARTMENT OF JUSTICE
UNITED STATES PAROLE COMMISSION

WARRANT APPLICATION
118569 D.C. Code Offender

Name ........................Johnson, James

Reg. No ........................07561-016
DCDC No........................119-202
FBI No........................981257C
Birth Date........................3/13/46
Race........................Black

Date........................August 3, 2005
Termination of Supervision..... 6/23/2007
[If Conviction Offense Before April 11, 1987 And Offender Is On Mandatory Release, Termination Date Is 180 Days Prior To Full Term]
Violation Date........................1/20/2004
Released........................October 10, 2003

Sentence Length .......... 11 years (DC Omnibus)
Original Offense.......... Carrying a Pistol without a License; Possession of an Unregistered Firearm

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

CHARGES:

**Charge No. 1 - Association with Person Having Criminal Record.** While acting as a criminal investigator, the releasee associated on 1/20/2004, 3/23/2005 and 4/9/2005, with persons with prior felony convictions. This charge is based on the information contained in the violation report dated 6/16/2005 from supervising officer Anthony Hinton and information from D.C. Department of Corrections.
**I ADMIT [ ] or DENY [ ] this charge.**

Sanction imposed by former CSOSA J. Taberski on or about 4-15-05 see page 3 by J. Taberski — Resubmitted on 6/16/ by A. Hinton

**Charge No. 2 - Violation of Special Condition (Prohibited Contact with Minors).** On 3/15/2004 & 3/16/2004, the subject visited his minor daughter without the approval of his CSO or the USPC. This charge is based on the information contained in the violation report dated 6/16/2005 from Community Supervision Officer Anthony Hinton.
**I ADMIT [ ] or DENY [ ] this charge.**

✓ **Charge No. 3 - Failure to Cooperate Fully with those Responsible for Supervision.** On 7/13/2004 the releasee stated to his CSO, "I will follow the conditions that I chose to follow". When the CSO asked what conditions he had been following, the subject refused to provide an answer. This charge is based on the information contained in the violation report dated 6/16/2005 from supervising officer Anthony Hinton.
**I ADMIT [ ] or DENY [ ] this charge.**

**Charge No. 4 - Law Violation – a) Operating After Suspension; b) Failure to Report Arrest/Contact with Law Enforcement.** On 5/18/2005, the subject was arrested by the Washington Metropolitan Police for the above-cited offense. The subject failed to report this contact to his supervision officer. This information is contained in the violation report dated 6/16/2005 from Community Supervision Officer Anthony Hinton with attached documentation. Status of Custody/Criminal Proceedings: Nolled 6/24/05.
**I ADMIT [ ] or DENY [ ] this charge.**

**Probable Cause Hearing Is Required**

**Warrant Issued.................. August 3, 2005**

**Warrant Recommended By:**

**Deirdre Jackson, Deputy Case Services Administrator**
**U.S. Parole Commission**

**Community Supervision Office Requesting Warrant: Sex Offenders' Supervision-Team 13, 300 Indiana Avenue**

**Date:** August 18, 2005

**FYI FYI FYI FYI FYI**

**TO:** UNITED STATES PAROLE COMMISSION
Chevy Chase, Maryland 20815

**FROM:** UNITED STATES MARSHALS SERVICE
Washington, D.C. 20001

**RE:** **Warrant Executed**

**Subject:** **JAMES JOHNSON**
**Registration NO:** 07561-016
**DCDC:** 119-202
**PDID:** 165-376

The above reference subject was processed on AUGUST 17, 2005, by the USMS District of COLUMBIA, as a Parole Violator. He was committed to the D.C. Department of Corrections and is in D.C. Jail awaiting further action by the United States Parole Commission.

RB





DISTRICT OF COLUMBIA
CRIMINAL JUSTICE ACT
DEFENDER SERVICES

INVESTIGATOR

James Johnson

EXPIRATION DATE 4/19/2006

Westlaw.

173 F.Supp.2d 35

173 F.Supp.2d 35

(Cite as: 173 F.Supp.2d 35)

H

**Motions, Pleadings and Filings**

United States District Court,
District of Columbia.
Virgil **LONG**, et al., Plaintiffs,
v.
Michael J. **GAINES**, et al., Defendants.
**No. 01-0010 (EGS).**

Nov. 21, 2001.

Parolees brought action challenging United States Parole Commission's regulations governing parole revocation procedures. The District Court, Sullivan, J., 167 F.Supp.2d 75, held that the revocation procedures were unconstitutional and withheld the entry of final judgment, pending the submission of a proposed compliance plan by defendants. Defendants submitted a proposed compliance plan and parolees filed objections to the plan. The District Court, Sullivan, J., held that proposed procedures complied with due process.

Ordered accordingly.

West Headnotes

**Constitutional Law** ⚷**272.5**
92k272.5 Most Cited Cases

**Pardon and Parole** ⚷**77.1**
284k77.1 Most Cited Cases
Parole revocation procedures, established by Parole Commission in response to finding that existing procedures were unconstitutional, complied with due process, where the plan included provisions requiring a probable cause hearing no later than five days after parolee's arrest, full revocation hearings to occur between 50 and 65 days from arrest, disclosure of all evidence it intended to consider in determining whether a violation occurred, and a final determination and notice of action to be given to the parolee no later than 86 days after arrest. U.S.C.A. Const.Amend. 5.

*35 Laura L. Rose, D.C. Public Defender Service, Washington, DC, Douglas W. Baruch, Steven Clifford Parker, Fried, Frank, Harris, Shriver & Jacobson, Washington, DC, for plaintiffs.

Michael Anthony Humphrey, U.S. Attorney's Office, Washington, DC, for defendants.

**REMEDIAL ORDER AND JUDGMENT**

SULLIVAN, District Judge.

On September 27, 2001, this Court entered a comprehensive Memorandum Opinion and Order setting forth findings of fact and conclusions of law holding that the United States Parole Commission's parole revocation regulations, practices, and procedures violate the requirements of the Due Process Clause of the Fifth Amendment of the United States Constitution as set forth by the Supreme Court in *Morrissey v. Brewer,* 408 U.S. 471, 484-86, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). At that time, the Court withheld the entry of final *36 judgment, pending the submission of a proposed compliance plan by defendants. On October 12, 2001, defendants submitted a proposed plan for complying with the mandates of the Constitution and this Court's Memorandum Opinion and Order. Plaintiffs subsequently filed objections to the plan, and on November 13, 2001, the Court held a hearing relating to the scope of relief to be ordered. In order to fully respond to the issues raised at the November hearing, the parties submitted further briefs and proposed orders.

Upon consideration of the defendants' proposed compliance plan, the plaintiffs' objections thereto, the parties' proposed orders, the arguments of counsel at the November 13, 2001 hearing, and in

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.