UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **James F. Johnson,** )<br>)<br>**Plaintiff,** )<br>) **Civil No. 05-2315 RBW**<br>**v.** )<br>)<br>**Anthony Williams, et al,** )<br>)<br>**Defendants.** )<br>_____ ) | |

**DEFENDANT MAYOR ANTHONY WILLIAMS' MOTION TO DISMISS**

Defendant, Mayor Anthony Williams, by and through undersigned counsel and the Office of the Attorney General, pursuant to F.R.C.P. 12(b)(6), hereby moves that this Honorable Court dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted[1] for

---

[1] The plaintiff names five defendants, Mayor Anthony Williams and four individuals that are employed by the Court Services and Offender Supervision Agency ("CSOSA"). However, the Office of the Attorney General for the District of Columbia does not represent the individually named CSOSA employees, as they are *federal* employees, not state employees. *See* D.C. Code § 24-133(a) (Supp. 2005) ("There is established within the executive branch of the Federal Government the Court Services and Offender Supervision Agency for the District of Columbia..."). Indeed, the statute clearly indicates that the Office of the Attorney General only "provides litigation services" to D.C. Pretrial Services, an "independent entity" within CSOSA. D.C. Code § 24-133(e)(1), (4) (Supp. 2005). Moreover, the statute expressly limits the District's obligations to cases not arising out of CSOSA's conduct:

> The District of Columbia shall defend any civil action or proceeding brought in any court or other official Federal, state, or municipal forum against the District of Columbia Pretrial Services Agency or the District of Columbia or its officers, employees, or agents, and shall assume any liability resulting from such an action or proceeding, if the action or proceeding arises from the activities of the District of Columbia Pretrial Services Agency prior to the date on which the Offender Supervision, Defender and Courts Services Agency assumes its duties.

D.C. Code § 24-133(e)(3) (Supp. 2005). D.C. Code § 24-133(a) indicates that CSOSA "shall assume its duties not less than one year or more than three years after August 5, 1997." D.C. Code § 24-133(a) (Supp. 2005). Since the relevant acts described in the instant complaint occurred after August 5, 2000, and are not acts by Pretrial Services employees, the Office of the Attorney General is not responsible for representation of (nor is the District liable for) CSOSA or its employees. Upon information and belief, the United States' Attorney's Office for the District of Columbia would represent the named CSOSA employees.

the following reasons: 1) the Complaint alleges no wrongdoing by Mayor Williams; 2) the plaintiff has not alleged any District policy or custom that caused him injury and, therefore, cannot recover in a suit against the Mayor in his official capacity pursuant to 42 U.S.C. § 1983; and 3) Mayor Williams is entitled to qualified immunity in a suit against him in his individual capacity.

    A Memorandum of Points and Authorities is attached hereto. Because this is a dispositive motion, the Defendant is not required to seek the plaintiff's consent pursuant to LCvR 7.1(m).

>                                    Respectfully submitted,
>
>                                    ROBERT J. SPAGNOLETTI
>                                    Attorney General for the District of Columbia
>
>                                    GEORGE C. VALENTINE
>                                    Deputy Attorney General
>                                    Civil Litigation Division
>
>
>                                    */s/ Holly M. Johnson /s/*
>                                    HOLLY M. JOHNSON [476331]
>                                    Section Chief
>                                    General Litigation Section III
>
>
>                                    */s/ Dana K. DeLorenzo /s/*
>                                    Dana K. DeLorenzo [468306]
>                                    Assistant Attorney General
>                                    441 4th Street, N.W.
>                                    6th Floor South
>                                    Washington, D.C. 20001
>                                    (202) 724-6515
>                                    (202) 727-3625 (fax)
>                                    Dana.delorenzo@dc.gov

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on <u>February 8, 2006</u>, a copy of the foregoing Motion to Dismiss, Memorandum of Supporting Points and Authorities and proposed order was mailed postage prepaid to:

James F. Johnson
DCDC No. 119-202
D.C. Jail
1901 D Street, SE
Washington, DC 20003

                                                    <u>*/s/ Dana K. DeLorenzo /s/*</u>
                                                    Dana K. DeLorenzo
                                                    Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **James F. Johnson,**             ) | |
|                                   ) | |
|     **Plaintiff,**   ) | |
|                                   ) | **Civil No. 05-2315 RBW** |
| **v.**                            ) | |
|                                   ) | |
| **Anthony Williams, et al,**      ) | |
|                                   ) | |
|     **Defendants.** ) | |
| _____) | |

**MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING
DEFENDANT MAYOR ANTHONY WILLIAMS' MOTION TO DISMISS**

Defendant, Mayor Anthony Williams, by and through undersigned counsel and the Office of the Attorney General, pursuant to F.R.C.P. 12(b)(6), hereby moves that this Honorable Court dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted for the following reasons: 1) the Complaint alleges no wrongdoing by Mayor Williams; 2) the plaintiff has not alleged any District policy or custom that caused him injury and, therefore, cannot recover in a suit against the Mayor in his official capacity pursuant to 42 U.S.C. § 1983; and 3) Mayor Williams is entitled to qualified immunity in a suit against him in his individual capacity.

*BACKGROUND*

On December 1, 2005, the plaintiff filed a Complaint, naming Mayor Anthony Williams and four CSOSA employees as defendants. The plaintiff cites various statutes, notably 42 U.S.C. § 1983. (Complaint at 2-3.) He also cites some language from the First Amendment, conspiracy statutes and United States Parole Guidelines. (Complaint at 3-4.)

Taken as a whole, it appears that the plaintiff's complaint alleges that actions taken by various CSOSA employees led to a violation of his rights. Specifically, he alleges that as a result

4

of the CSOSA defendants, a violator warrant was issued for his arrest and he was brought before the U.S. Parole Commission for a probable cause hearing on four separate charges. Plaintiff also alleges that the hearing examiner, Donna McLean, found on September 2, 2005 that there was probable cause to support one of the four charges. The complaint also alleges that he did not receive a timely parole revocation hearing subsequent to this finding.

In his Complaint, however, the plaintiff describes no wrongdoing by the Mayor, no knowledge of or participation by the Mayor in any of the acts alleged in the Complaint or any District of Columbia policy or custom that could give rise to any liability in this case.

### *Standard of Review*

A motion to dismiss pursuant to SCR-Civil 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The movant therefore is entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications* Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 276 (1994).

Because the plaintiff has failed to state a claim upon which relief may be granted, his complaint against Mayor Anthony Williams should be dismissed in its entirety.

*ARGUMENT*

1. **THE PLAINTIFF'S COMPLAINT ALLEGES NO WRONGDOING BY MAYOR WILLIAMS.**

Plaintiff's Complaint identifies several incidents involving CSOSA employees and the United States Parole Commission.[2] The other individuals discussed in the Complaint, Paul Quander, Paul Brennan, John Taberski and Anthony Hinton, are all federal employees at CSOSA. Moreover, Donna McLean appears to be an employee of the United States Parole Commission, another federal agency.

Significantly, the plaintiff does not allege that Mayor Williams had any involvement in the particular circumstances that form the basis of his complaint. Nor does he allege that Mayor Williams had any knowledge about the actions by CSOSA's employees or the outcome of the parole hearing. In fact, other than the case caption, the complaint does not again mention Mayor Williams. Therefore, Mayor Williams is not a proper defendant in this case, and all claims against him must be dismissed.

2. **PLAINTIFF'S CLAIMS AGAINTS MAYOR WILLIAMS IN HIS OFFICIAL CAPACITY MUST BE DISMISSED BECAUSE HE HAS NOT ALLEGED ANY DISTRICT POLICY OR CUSTOM THAT CAUSED HIM INJURY.**

Assuming Mayor Williams was sued in his official capacity, any constitutional claim would be subject to dismissal for failure to alleged an unconstitutional policy or custom. A suit against Mayor Williams is equivalent to a suit against the District itself. *See Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996) (internal citations omitted) ("When sued in their official capacities, government officials are not personally liable for damages … A

---

[2] The United States Parole Commission is not named as a party in the instant action.

section 1983 suit for damages against municipal officials in their official capacities is thus equivalent to a suit against the municipality itself."").

As explained in *Monell v. Dep't of Social Servs. of the City of New York*, the District can be held liable for the plaintiff's constitutional claims only if the plaintiff alleges facts that indicate his injury was caused by a policy or custom that a policymaker of the District approved. 436 U.S. 658, 694 (1978); *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985). According to the Supreme Court decision in *Monell*:

> … a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom … inflicts the injury that the government as an entity is responsible under § 1983."

436 U.S. at 694.

The Supreme Court further held in *Oklahoma City* that, "at the very least there must be an affirmative link between the policy and the particular constitutional violation alleged." *Oklahoma City*, 471 U.S. at 824. The *Oklahoma City* decision interpreted *Monell* as holding that "municipal liability should not be imposed *when the municipality was not itself at fault*." *Id.* at 818 (emphasis added).

Since the seminal *Monell* ruling, the courts have developed four different types of proof that can establish such municipal liability. First, a plaintiff can satisfy the *Monell* requirements by setting forth direct evidence that the municipality adopted an unconstitutional policy. This can be done by pointing to a formally adopted policy—such as a statute or regulation—that violates the constitutional rights of the individual. *Monell*, 436 U.S. at 694. Direct evidence of a municipal policy also can be proven by an unconstitutional decision or action taken by an official policymaker of the municipality. *Pembaur v. City of Cincinatti*, 475 U.S. 469, 480-81 (1986).

If there is no direct evidence of an unconstitutional municipal policy, a plaintiff still can establish municipal liability if he can provide sufficient circumstantial evidence that the municipality had informally adopted an unconstitutional policy. This is a much more difficult burden to prove. In this manner, a plaintiff must be able to provide evidence that municipal policymakers were deliberately indifferent to constitutional violations performed by municipal employees. This generally can be shown by specific statistical evidence, or by setting forth a series of similar incidents that were known to municipal officials, but not addressed or resolved by those officials. *Carter v. District of Columbia*, 795 F.2d 116, 124-126 (D.C. Cir. 1986).

Finally, a plaintiff might be able to prove municipal liability by showing that the municipality failed to adequately train its employees. To satisfy such a standard, a plaintiff must provide evidence that officials knew or should have known of a specific training need, that failure to address that need was likely to result in violation of individual constitutional rights, and that the officials were deliberately indifferent to the need for such training. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).

Furthermore, once a plaintiff has proven—by any of the above methods—that a municipality has adopted a policy or custom of violating constitutional rights, the plaintiff still must prove that the policy or custom caused the constitutional injury in question. *Oklahoma City*, 471 U.S. at 823. The plaintiff must prove that the policy was the "moving force" behind the alleged constitutional violation. *Id.*

Here, even with all reasonable inferences taken in favor of the plaintiff, the allegations presented in the complaint fall far short of establishing a municipal policy or custom. In fact, the plaintiff does not identify any custom or policy of the District of Columbia. Moreover, the plaintiff cannot satisfy this standard by alleging misconduct of CSOSA employees because they

are federal employees, not District employees. (D.C. Code § 24-133 (2006).) Finally, the plaintiff has not alleged that he suffered any injuries that were caused by any District custom or policy. As such, the plaintiff cannot recover in a suit against the Mayor in his official capacity pursuant to 42 U.S.C. § 1983.

### 3.     MAYOR WILLIAMS IS ENTITLED TO QUALIFIED IMMUNITY IN A SUIT AGAINST HIM IN HIS INDIVIDUAL CAPACITY.

Alternatively, if the plaintiff's complaint is to be read as a suit against Mayor Williams in his individual capacity, Mayor Williams is entitled to qualified immunity. *See Barham v. Ramsey*, 2006 U.S. App. LEXIS 807 * 14 (internal citations omitted) ("Qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"). The Supreme Court outlined its two-part test for examining claims of qualified immunity:

> A court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the [Mayor's] conduct violated a constitutional right? … If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established.

*Saucier v. Katz*, 533 U.S. 194, 201 (2001) (internal citations omitted).

Here, in the absence of *any* facts describing Mayor Williams' participation in—or even awareness of—any of the acts of other individuals described in the Complaint, the Court cannot answer the threshold question in the affirmative. Furthermore, even if the plaintiff had alleged that the Mayor knew of the circumstances alleged in his complaint, those circumstnaces do not

show a violation of a "clearly established" right. Accordingly, the plaintiff cannot recover in a suit against the Mayor in his individual capacity as a matter of law.

WHEREFORE, Defendant Mayor Anthony Williams respectfully requests this Court dismiss the plaintiff's complaint with prejudice.

>Respectfully submitted,
>
>ROBERT J. SPAGNOLETTI
>Attorney General for the District of Columbia
>
>GEORGE C. VALENTINE
>Deputy Attorney General
>Civil Litigation Division
>
>*/s/ Holly M. Johnson /s/*
>HOLLY M. JOHNSON [476331]
>Section Chief
>General Litigation Section III
>
>*/s/ Dana K. DeLorenzo /s/*
>Dana K. DeLorenzo [468306]
>Assistant Attorney General
>441 4th Street, N.W.
>6th Floor South
>Washington, D.C. 20001
>(202) 724-6515
>(202) 727-3625 (fax)
>Dana.delorenzo@dc.gov