UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **James F. Johnson,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil No. 05-2315 RBW |
| v. ) | Related case: 05-2504 RBW |
| ) | |
| **Anthony Williams, et al,** ) | |
| ) | |
| **Defendants.** ) | |
| ————————————————) | |

### DEFENDANT MAYOR ANTHONY WILLIAMS' REPLY TO THE PLAINTIFF'S RESPONSE TO HIS MOTION TO DISMISS

Defendant, Mayor Anthony Williams, by and through undersigned counsel and the Office of the Attorney General, pursuant to F.R.C.P. 12(b)(6), hereby submits this Reply to the Plaintiff's Response to his Motion to Dismiss. In his Motion, Mayor Williams argued that the complaint fails to state a claim upon which relief can be granted because: 1) the Complaint alleges no wrongdoing by Mayor Williams; 2) the plaintiff has not alleged any District policy or custom that caused him injury and, therefore, cannot recover in a suit against the Mayor in his official capacity pursuant to 42 U.S.C. § 1983; and 3) Mayor Williams is entitled to qualified immunity in a suit against him in his individual capacity. In his Response, the plaintiff contends: 1) CSOSA is an agent of the District government; and 2) Mayor Williams is liable for the acts of the CSOSA employees. Mayor Williams submits that both of plaintiff's contentions are factually and legally incorrect.[1]

---

[1] Since filing the Complaint in the above-captioned case, the plaintiff also filed a Petition for a Writ of Habeas Corpus in Civil Action No. 05-2504 RBW. The District's response to the Court's Order to Show Cause will be filed separately.

1

1.      CSOSA IS NOT AN AGENT OF THE DISTRICT GOVERNMENT.

The premise of the plaintiff's first argument, that CSOSA is an agent of the District of Columbia, is both factually and legally wrong. As indicated in the Motion, the statute clearly identifies CSOSA employees as *federal* employees, not District or state employees. *See* D.C. Code § 24-133(a) (Supp. 2005) (emphasis added) ("There is established within the *executive* branch of the *Federal* Government the Court Services and Offender Supervision Agency for the District of Columbia…"). This conclusion is buttressed by the fact that, upon information and belief, the United States Attorneys' Office for the District of Columbia, a federal government agency, represents CSOSA defendants, not the Office of the Attorney General for the District of Columbia, a state government agency.

The plaintiff made other broad legal assertions that are not supported by any fact or legal authority. For instance, the plaintiff states that the "Mayor is responsible for the (1) employement [sic], (2) training, (3) treatment, and (4), care of all D.C. employees and it's contractual agents or otherwise agents of/for the District of Columbia." (Response at 2.) Yet, the plaintiff does not provide any caselaw, statute or rule to back up that claim. Notably, however, Plaintiff's citation to 24-133(e)(1) and (e)(4) to support his premise that CSOSA is an agent of the District is clearly contradicted by the heading of that statutory section, "Pretrial Services Agency." That section specifically designates Pretrial Services Agency as an "independent entity" within CSOSA. (D.C. Code § 24-133(e)(1).) It also addresses the liability of the District of Columbia in suits against Pretrial Services Agency *only*. (D.C. Code § 24-133(e)(3).) Moreover D.C. Code § 24-133(e)(4) describes representation by the now Office of

the Attorney General in matters involving the Pretrial Services Agency *only*. (D.C. Code § 224-133(e)(4).)

In fact, a review of the broad statutory section cited by the plaintiff demonstrates that neither the Mayor, nor the District, can be held liable for any alleged wrongdoing by CSOSA or its employees in this case:

> The District of Columbia shall defend any civil action or proceeding brought in any court or other official Federal, state, or municipal forum against the District of Columbia Pretrial Services Agency or the District of Columbia or its officers, employees, or agents, and shall assume any liability resulting from such an action or proceeding, if the action or proceeding arises from the activities of the District of Columbia Pretrial Services Agency prior to the date on which the Offender Supervision, Defender and Courts Services Agency assumes its duties.

D.C. Code § 24-133(e)(3) (Supp. 2005). D.C. Code § 24-133(a) indicates that CSOSA "shall assume its duties not less than one year or more than three years after August 5, 1997." D.C. Code § 24-133(a) (Supp. 2005). Since the relevant acts described in the instant complaint occurred after August 5, 2000, and are not acts by Pretrial Services employees, the Office of the Attorney General is not responsible for representation of (nor is the District liable for) CSOSA or its employees.

2. MAYOR WILLIAMS IS NOT LIABLE FOR THE ACTS OF THE CSOSA EMPLOYEES.

Assuming, for the purposes of this second argument, that Mayor Williams did "head" CSOSA, as the plaintiff alleges, he is trying to hold Mayor Williams accountable for the acts of the CSOSA employees. *See* Response at 2 ("The D.C. Mayor is and can be held to be accountable and responsible for any employee or any D.C. Agent …."). However, there is no respondeat superior liability pursuant to 42 U.S.C. § 1983. (Response at 3.) The United States Supreme Court, in *Monell v. Dep't. of Social Services*, 436 U.S. 658, 691 (1978), concluded that "a municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words,

a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Therefore, even if Mayor Williams was in charge of CSOSA, the plaintiff is precluded from recovering damages against Mayor Williams for their actions.

    Notwithstanding this argument, it is clear that, based on the allegations in the complaint, the plaintiff cannot satisfy the requirements of 42 U.S.C. § 1983 in any other manner. The plaintiff reads Mayor Williams' motion to dismiss to mean that District employees––meaning CSOSA employees—are allowed to violate his constitutional rights. That is a gross misrepresentation of what is contained in Mayor Williams' motion. Rather, Mayor Williams' motion, consistent with the law in this jurisdiction, outlined the limited ways in which the plaintiff can make a *prima facie* case pursuant to 42 U.S.C. § 1983. As indicated above, there is no respondeat superior liability under this statute. Moreover, the plaintiff has to demonstrate that the District has a policy or custom that resulted in a violation of his constitutional rights to recover damages under 42 U.S.C. § 1983. Simply, the plaintiff has not provided *any* facts to the Court to demonstrate that the District has an unconstitutional policy with regard to the allegations against the CSOSA employees that resulted in a violation of his constitutional rights. And, more significantly, he cannot allege that the District has an unconstitutional policy in this case because CSOSA employees are not District employees for the reasons cited above.

    WHEREFORE, Mayor Williams respectfully requests that the Court dismiss the plaintiff's complaint with prejudice.

    Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

4

*/s/ Holly M. Johnson /s/*
HOLLY M. JOHNSON [476331]
Section Chief
General Litigation Section III

*/s/ Dana K. DeLorenzo /s/*
Dana K. DeLorenzo [468306]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202) 724-6515
(202) 727-3625 (fax)
Dana.delorenzo@dc.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 6, 2006, a copy of the foregoing Reply to Plaintiff's Response to Mayor Williams' Motion to Dismiss was mailed postage prepaid to:

James F. Johnson
DCDC No. 119-202
D.C. Jail
1901 D Street, SE
Washington, DC 20003

*/s/ Dana K. DeLorenzo /s/*
Dana K. DeLorenzo
Assistant Attorney General