UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES F. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-2315 (RBW) |
| ) | |
| ANTHONY WILLIAMS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on defendant Anthony Williams' motion to dismiss the complaint. For the reasons set forth below, the Court will grant defendant Williams' motion, and dismiss this action without prejudice.

I. BACKGROUND

Plaintiff is a District of Columbia Code criminal offender who was under the supervision of the Court Services and Offender Supervision Agency ("CSOSA"). Generally, plaintiff alleges that the CSOSA Supervision Officer assigned to his case, along with his supervisors, abused their authority by treating plaintiff as if he were a known sex offender who poses a risk to minors. *See* Compl. ¶¶ 1-2, 7, 12.[1] He alleges that these defendants ordered him to undergo a psychosexual assessment, made improper contact with his minor daughter, searched his home, and confiscated legal papers and other property without authority to do so. *See id.* ¶¶ 1-2, 5-6, 9. Further, he

---

[1] Sequentially numbered paragraphs begin on the fifth page of plaintiff's 11-page handwritten submission under the heading "Complaint."

alleges that the United States Parole Commission did not conduct a timely revocation hearing, and, contrary to the hearing examiner's recommendation, revoked his parole. *See id.* ¶¶ 10, 13.

As a result of his return to custody, plaintiff contends that he "has compiled multiple bills and foreclosure actions, and loss of his permanent job employments. . . and he is certainly . . . entitled to some redress." Compl. ¶ 13. He brings this civil rights action against the Mayor of the District of Columbia, the CSOSA Director, and the three Supervision Officers involved in his case, and demands compensatory and punitive damages. *Id.*

## II.  DISCUSSION

### A.  Mayor Anthony Williams

Insofar as plaintiff sues defendant Williams in his official capacity, the suit is treated as if it were a suit against the District of Columbia itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Atchison v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996). As a municipality, the District of Columbia cannot be held liable under 42 U.S.C. § 1983 unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690 (1978); *see Carter v. District of Columbia*, 795 F.2d 122, 125 (D.C. Cir. 1986) (to establish municipal liability under § 1983, plaintiff must show pervasive police practice which either was officially adopted or was so common as to be deemed a custom or policy). Neither the complaint nor plaintiff's opposition to the instant motion articulates a District of Columbia practice or policy which brought about the harms plaintiff allegedly suffered.

Although plaintiff lists Anthony Williams as a defendant in the complaint's caption, the

pleading does not allege any particular action or omission on Williams' part. In this respect alone, the complaint is subject to dismissal as against defendant Williams in his individual capacity for failure to state a claim upon which relief can be granted. This is so because he cannot be held liable for the actions of District of Columbia employees. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. at 691 (public official not held liable under § 1983 on *respondeat superior* theory); *Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993) (complaint naming Attorney General and BOP Director as defendants based on theory of *respondeat superior*, without allegations specifying their involvement in the case, do not state claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)).

Moreover, both CSOSA and the United States Parole Commission are federal entities. *See* D.C. Code § 24-133(a), (c) (establishing CSOSA "within the executive branch of the Federal Government" to "provide supervision, through qualified supervision officers, for offenders on probation, parole, and supervised release pursuant to the District of Columbia Official Code . . . on behalf of the court or agency having jurisdiction over the offender being supervised"); 28 U.S.C. § 4202 (establishing United States Parole Commission "as an independent agency in the Department of Justice"). Therefore, as Mayor of the District of Columbia, defendant Williams has no authority to direct or control the actions of CSOSA or its employees, and thus cannot be held liable for any action taken with respect to plaintiff's supervision by CSOSA supervision officers. Nor can defendant Williams be held liable for any action or omission by the United States Parole Commission with respect to the revocation of plaintiff's parole. *See* D.C. Code §24-131(a) (granting to United States Parole Commission "the jurisdiction and authority of the

Board of Parole of the District of Columbia" to grant, deny and revoke parole, and to impose or modify conditions of parole "in the case of any imprisoned felon who is eligible for parole or reparole under the District of Columbia Official Code"); *Hinnant v. Merritt*, No. 04cv1915, 2005 WL 692075, *2 (D.D.C. Mar. 25, 2005) (concluding that District of Columbia defendants were "not liable for actions taken during plaintiff's parole revocation"). The claims against Mayor Williams therefore cannot be maintained.

### B.  Paul Quander, Paul Brennan, John Taberski and Anthony Hinton

Defendants Quander, Brennan, Taberski and Hinton are federal government employees, and are sued in both their individual capacities pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and in their official capacities. The Federal Rules of Civil Procedure require that service of process on an agency or employee be effected by serving both the United States Attorney for the District of Columbia, the Attorney General of the United States, and the agency or officer himself. *See* Fed. R. Civ. P. 4(*i*)(1),(2).

Service on a federal government employee in his individual capacity requires personal service. *See* Fed. R. Civ. P. 4(e), (*i*)(2)(B); *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 369 (D.C. Cir. 1997) (holding that defendants in *Bivens* actions must be served as individuals pursuant to Rule 4(e)). Generally, such service may be accomplished "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." Fed. R. Civ. P. 4(e)(2). In the alternative, compliance with the law of the District of Columbia for service of a summons upon an individual defendant satisfies Rule 4(e). *Id.*; *see* Super. Ct. Civ. R. 4(e)(2) (allowing service of process on individual

4

plaintiffs by first class, certified, or registered mail).

Summonses were not issued for service on the United States Attorney or the Attorney General. Moreover, plaintiff named neither CSOSA nor the United States Parole Commission as a party to this action, and, therefore, neither entity was served with a summons and complaint.[2] *See* Compl. Summonses were issued for defendants Quander, Brennan, Taberski and Hinton on December 30, 2005, and service on them was attempted at CSOSA's headquarters office at 300 Indiana Avenue, N.W., Washington, D.C. *See* Dkt. #5-8 (Process Receipt and Return). Not one of these defendants signed the summons issued for him, however. Rather, "Renee Barley, FOIA Officer," signed for each summons on January 11, 2006. *Id*. Plaintiff had not provided home addresses for these defendants, and no attempt was made to serve these defendants by mail.

"In a *Bivens* claim, personal service of process upon the Defendant is necessary to obtain personal jurisdiction over the Defendant in his or her individual capacity." *Huskey v. Quinlan*, 785 F.Supp. 4, 5-6 (D.D.C. 1992); *see United States v. Hill*, 694 F.2d 258, 261 (D.C. Cir. 1982) ("Personal jurisdiction in a civil suit implies, among other things, either voluntary appearance by the defendant or valid service of process on him at the place where he may be found."); *Delgado v. Fed. Bureau of Prisons*, 727 F.Supp. 24, 26 (D.D.C. 1989). The Court is aware that plaintiff has relied on the Clerk of Court and the United States Marshals Service to effect service of process on his behalf because he is proceeding *pro se* and *in forma pauperis*. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). Generally, *pro se* plaintiffs who depend on Court officers

---

[2] Even if CSOSA and the Parole Commission were named parties to this action, the claims against them would fail. Both are federal government entities, and, consequently, they are immune from a suit. *See, e.g., Settles v. United States Parole Comm'n*, 429 F.3d 1098, 1100 (D.C. Cir. 2005) (holding that the Parole Commission is "an entity that enjoys sovereign immunity from suit under § 1983").

should not be penalized for a court officer's failure or mistake in properly effecting service of process. *See Mondy v. Secretary of the Army*, 845 F.2d 1051, 1060 (D.C. Cir. 1988) (MacKinnon, J. concurring). Deference to plaintiffs' *pro se* status, however, cannot justify the exercise of jurisdiction over defendants who have not been served properly.

Accordingly, the Court will dismiss this complaint without prejudice as against defendants Quander, Brennan, Taberski and Hinton for insufficient service of process. Fed. R. Civ. P. 4(m); *Maye v. Reno*, 231 F.Supp.2d 332, 335-36 (D.D.C. 2002) (dismissing claims against federal government official in his individual capacity where service was deficient and defense not waived); *Taylor v. Gearan*, 979 F.Supp. 1, 5 (D.D.C. 1997) (service on employer not sufficient to effect personal service on employee under Rule 4(e)); *see also Huskey v. Quinlan*, 785 F.Supp. at 6 (dismissing for lack of personal jurisdiction the *Bivens* claims brought by *pro se* plaintiff proceeding *in forma pauperis* because "[n]othing in the record . . . reflects that any of the Defendants have been properly served").

### III.  CONCLUSION

The Court will grant defendant Williams' motion to dismiss, and dismiss the complaint with prejudice because the complaint fails to state a claim against him upon which relief can be granted. Further, the Court will dismiss the complaint without prejudice as to the remaining defendants for insufficient service of process. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

                                                      /s/
                                       REGGIE B. WALTON
                                       United States District Judge

Date:  September 22, 2006